UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY NELSON,              )
                             )
            Plaintiff,       )
                             )
       v.                    )    No. 4:05-CV-655-HEA
                             )
LINDA MEADE,                 )
                             )
            Defendant.       )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Timothy Nelson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendant Linda Meade ("Clinical Lead"). Plaintiff alleges that defendant violated his constitutional right of access-to-the-courts by failing to "provide residents with a[n] adequate legal library." In addition, plaintiff claims that if he "seeks assistance from peers with legal text[s], this results in [a] rule violation for 'unauthorized exchange.'" Last, he alleges that defendant denied his April 14, 2005 request "to have cop[ies] made out of [a] resident[']s legal manuals."

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations do not state an access-to-the-courts claim, because he does not allege that he suffered actual prejudice to a non-frivolous legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 349-55 (1996) (right of access-to-courts requires showing that inmate had a non-frivolous legal claim actually impeded or frustrated); <u>Smith v. Boyd</u>, 945 F.2d 1041, 1043 (8th Cir. 1991); <u>Grady v. Wilken</u>, 735 F.2d 303, 306 (8th Cir. 1984). As such, the instant action will be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of June, 2005.

_____
**UNITED STATES DISTRICT JUDGE**